IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| GRANT CHARLES, in his official capacity as attorney for Roosevelt City, Utah,<br><br>Plaintiff,<br>v.<br><br>UTE INDIAN TRIBE OF THE UINTAH and OURAY RESERVATION; BUSINESS COMMITTEE FOR THE UTE TRIBE OF THE UINTAH and OURAY RESERVATION; TRIBAL COURT FOR THE UTE TRIBE OF THE UINTAH and OURAY RESERVATION; THELMA STIFFARM, in her official capacity as Chief Judge of the Ute Tribal Court, and RICHITA HACKFORD,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER:<br>• GRANTING [44] MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION;<br>• GRANTING IN PART [16] TRIBAL DEFENDANTS' MOTION TO DISMISS; AND<br>• FINDING MOOT [14] RICHITA HACKFORD'S MOTION TO DISMISS<br><br>Case No. 2:17-cv-00321-DN<br><br>District Judge David Nuffer |

Plaintiff Grant Charles seeks in this action to enjoin defendants Ute Indian Tribe of the Uintah and Ouray Reservation (the "Ute Court") based upon a suit filed in the Ute Court, *Hackford v. Allred et al.*, Ute Case No. 16-259. Defendants filed three motions to dismiss. Richita Hackford, who is named as a defendant because her suit in Ute Court is the underlying case, filed a "Motion to Deny Complaint," which is treated as a motion to dismiss.[1] The remaining defendants (the "Tribal Defendants") filed an initial motion to dismiss based on lack of subject matter jurisdiction and insufficient service of process.[2] After Ms. Hackford's claims in the Ute Court were dismissed by an order of the Ute Court dated June 5, 2017, the Tribal

---
[1] Docket no. 14, filed May 5, 2017.

[2] Motion to Dismiss, docket no. 16, filed May 19, 2017.

Defendants filed another motion to dismiss, further arguing that no case or controversy provides Article III standing in this action.[3] A hearing on the motions was held on January 4, 2018.[4] Based on the motions, the argument of the parties at the hearing, and for good cause appearing, the court finds as follows:[5]

1. The Tribal Defendants' latter motion to dismiss[6] is granted. In that motion to dismiss for lack of jurisdiction, the Tribal Defendants correctly analogized the present case to *Board of Education for Gallup-McKinley County Schools v. Henderson*, 696 Fed Appx. 355 (10th Cir. 2017). Because Ms. Hackford's case in Ute Court has been dismissed following an initial screening by the Ute Court, no case or controversy exists on which to decide the action. Mr. Charles's complaint must be dismissed on this basis.

2. As a further partial basis for dismissal, the tribe, the tribe's business committee, and the Ute Court are protected by tribal sovereign immunity. Plaintiff's primary argument for jurisdiction is based upon application of *Ex Parte Young*, 209 U.S. 123 (1908) to tribal officers. The court has jurisdiction over the Chief Judge of the Ute Court on that basis, but because *Ex Parte Young* is limited to suits against individuals, the court does not have jurisdiction over the other Tribal Defendants.

3. Defendants argue that the court does not have jurisdiction to review the Ute Court's exercise of authority over Mr. Charles. However, a federal court may determine under 28 U.S.C. § 1331 whether a tribal court has exceeded the lawful limits of its jurisdiction as a federal question.

---

[3] Docket no. 44, filed October 6, 2017.

[4] Minute Order for Proceedings Held Before Judge David Nuffer, docket no. 56, filed January 4, 2018.

[5] These findings are drawn from the stipulated and disputed form of the order submitted by the parties. Proposed Order, docket no. 59, filed January 26, 2018. Disputes over the form of the order are resolved as reflected here.

[6] Docket no. 44.

4. The tribe and business committee argued that service of process on them was insufficient. That issue is moot. Judge Reynolds (subsequently replaced as a named defendant by Judge Stiffarm) did not move to dismiss on that basis, and the off-reservation service upon Judge Reynolds was sufficient to provide personal jurisdiction over him.

5. The United States is not an indispensable party to this action, and no relief is granted on that basis.

6. Ms. Hackford is dismissed as a defendant because her underlying suit in Ute Court was dismissed. Her motion to dismiss this action is therefore rendered moot.

## ORDER

THEREFORE, IT IS HEREBY ORDERED that the Tribal Defendants' motion to dismiss for lack of subject matter jurisdiction[7] is GRANTED. The compliant is dismissed, without costs to any party, for lack of a case or controversy.

IT IS FURTHER ORDERED that the Tribal Defendants' initial motion to dismiss[8] is GRANTED IN PART based on lack of subject matter jurisdiction.

IT IS FURTHER ORDERED that Richita Hackford's motion to dismiss[9] is rendered moot by this Order.

The Clerk is directed to close the case.

Dated January 29, 2018.

BY THE COURT:

_____
David Nuffer
United States District Judge

---

[7] Docket no. 44.

[8] Docket no. 16.

[9] Motion to Deny Complaint, docket no. 14, filed May 5, 2017.